**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

           **Plaintiff,**

           **v.**                           **04-CR-222S - 05**

**CHRISTOPHER RUSSO,**

           **Defendant.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Christopher Russo ("the defendant"), is charged along with thirteen co-defendants in a multicount indictment with having violated Title 21 U.S.C. §§ 841(c)(2), 846 (Count 1), §§ 841(b)(1)(A), 846 (Count 2), § 841(c)(2) and Title 18 U.S.C. § 2 (Count 5), and a forfeiture count (Count 8) pursuant to Title 21 U.S.C. §§ 853(a)(1), 853(a)(2), 853(a)((3) and 853(p).  (Docket #8).

The defendant has filed an omnibus discovery motion (Docket #58) wherein he seeks: (1) "a bill of particulars;" (2) "discovery;" (3) "discovery with respect to FRE 403, 404(b) and 609;" (4) "discovery with respect to FRE 702, 703 and 705;"

(5) "disclosure of *Brady* material;" (6) "identity of informants;" (7) "production of *Giglio* material;" (8) "early disclosure of *Jencks* Act material;" (9) "joinder in motions of co-defendants;" and (10) "leave to file additional motions."

The government has filed a response to these requests of the defendant and a motion for reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."). (Docket #59).

Each of these requests will be separately addressed herein.

## DISCUSSION AND ANALYSIS

**1.     Defendant's Demand for a Bill of Particulars:**

The defendant has moved pursuant to Rule 7(f) of the Fed. R. Crim. P. for a bill of particulars containing a detailed description of the times, places and events as well as alleged participants of the conspiracy alleged in Count 1 of the Indictment on the basis that he "requires [that] information in order to adequately prepare a defense and avoid surprise at trial." (Docket #58, pp. 4-6).

As part of its response, the government "maintains that the Indictment is sufficient and that the demand for a Bill of Particulars is unwarranted." Counsel for the government also represents that "the volume of discovery provided thus far in this action provides an overall picture of each defendant's culpability and actions relative to

the conspiracy and the combination of the. . . voluntary discovery provided in discovery delineate all the specific information sought by the defendant's requests." (Docket #59, ¶ 18).

The defendant's request is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charge in Count 1 of the Indictment, along with the discovery materials provided by the government as aforesaid, clearly inform the defendant of the essential facts of the crime charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).

### 2. Defendant's Request for Rule 16, Fed. R. Crim. P. Materials:

The defendant has broadly requested production of various documents and tangible objects as well as various scientific reports and laboratory analyses and disclosure of the government's proposed experts in this regard.

In response to this request, counsel for the government has stated that he has turned over, or will turn over, or make available for inspection by the defendant, all materials and information to which the defendant is entitled in accordance with the requirements of Rule 16(a)(1) of the Fed. R. Crim. P. Counsel for the government has also stated that he will "comply with the defendant's request for expert testimony pursuant to Rule 16(a)(1)(E) (sic)[1] of witnesses who will testify under Rules 702, 703 and 705 F.R.E." (Docket #59). As a result of these representations by counsel for the government, the defendant's request for Rule 16(a)(1) materials is DENIED on the basis that it is moot.

---

[1] Rule 16(a)(1)(E) is not applicable to this issue. It is once again pointed out to counsel for the government that Rule 16, Fed. R. Crim. P., was amended effective December 1, 2002 and that the proper citation is Rule 16(a)(1)(G).

Case 1:04-cr-00222-WMS-HKS   Document 79   Filed 09/09/05   Page 5 of 11

### 3. Defendant's Request for "Discovery with Respect to Rules 403, 404(b) and 609 of the FRE:"

The defendant seeks an order compelling the government "to disclose any evidence intended to be offered at trial that would cause undue surprise or prejudice, evidence of other crimes intended to prove character, or evidence of prior convictions the government intends to use for purposes of impeachment of defendant should he testify."  (Docket #58, ¶ 48).

In its response to this request, the government has advised of its "intention to offer proof" of "other crimes, wrongs or acts during [its] direct case for purposes of proving such matters as motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident" pursuant to Rule 404(b) FRE "as well as pursuant to normal evidentiary considerations concerning proof of the existence of and participation in the overall conspiracy alleged in the Indictment."  (Docket #59, ¶ 13).  It has also represented that it will "disclose the conviction records at trial of all witnesses it intends to call at trial" as well as the defendant's arrest record. (Docket #59, ¶¶ 58, 13).

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added).  This has been done, and as a result, defendant's

-5-

request on this issue is DENIED as being moot.

### 4.     Defendant's Request for *Brady, Giglio* and *Jencks* Material:

The defendant has made a broad request for any and all materials and/or information, including a culling of government agent personnel files, that would be "exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*," "*Giglio*" and "*Jencks*" materials as the defendant has used those labels in his motion.

Counsel for the government has acknowledged his responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and subsequent cases and has stated that the government does not possess any "'exculpatory' material within the contemplation of *Brady*." (Docket #59, ¶ 15). The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial. As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Id*. at 146. The prosecution is obligated to disclose and turn over *Brady* material to the

defense "in time for its effective use." *Id*. at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2, Fed. R. Crim. P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

### 5.    Defendant's Request For Identity Of Informants:

The defendant requests that the government be directed to identify all informants on whom the government has relied or will rely in any way in its investigation and/or prosecution of this case and disclosure of information received from informants.  However, the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or "that the testimony of the informant would [be] of even marginal value to the defendant's case."  As a result, the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988) is dispositive of this request by the defendant wherein the Court stated:

> The leading Supreme Court case on this question,
> *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623,
> 1 L.Ed.2d 639 (1957), holds that
>
> > [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to

the fair determination of a cause, the [informant's] privilege must give way.

> 353 U.S. at 60-61, 77 S.Ct. at 628.  The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628.  What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.*  Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.  See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).
>
> The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973).  In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin.  The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested.  But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense.  *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105.  As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged.  In *Jimenez*, the informant was both participant and witness, but the

> district court's refusal to order disclosure of his identity was
> upheld on the ground that the defendant had failed to show
> that the testimony of the informant "would have been of even
> marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).

Since the defendant has not made a sufficient showing that any informant's potential testimony is material to his defense, this request is DENIED.

### 6. Joinder In Co-Defendant's Motions:

The defendant has also indicated that he joins in the motions filed by the co-defendants in this case and seeks to obtain any benefits that may be applicable to him as a result of said motion. This request is GRANTED with the further directive and finding that the decision made by this Court as to each of the co-defendant's motions in which this defendant joins, shall also be deemed to be the finding and Order of this Court as to the defendant herein.

### 7. Permission To Make Other Motions

The defendant requests permission to file additional motions "as the factors and evidence emerge through requested disclosure." (Docket #58). This request is GRANTED subject to the limitations as contained in the aforesaid quote.

### 8. The Government's Reciprocal Rule 16(b) Request:

The government has requested that the defendant permit it to inspect and

copy various books, records, documents, photos and other tangible objects, including reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use. Since the defendant has moved pursuant to Rule 16(a)(1) of the Fed. R. Crim. P. for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is GRANTED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time**

**waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

                                        /s/ H. Kenneth Schroeder, Jr.
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**

**DATED:**    **Buffalo, New York**
                **September 2, 2005**